UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
OSCAR GILBERT,                    :
                                  :
          Petitioner,             :     Civ. No. 18-8295 (NLH)
                                  :
     v.                           :     OPINION
                                  :
UNITED STATES OF AMERICA,         :
                                  :
          Respondent.             :
_____:

APPEARANCE:
Oscar Gilbert, No. 11423-040
FCI - Fort Dix
East:  P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Oscar Gilbert seeks to bring a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment

of fees or security or a complete application to proceed in

forma pauperis.  ECF No. 1.

Filing Fee

     The filing fee for a petition for writ of habeas corpus is

$5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is

required to be paid at the time the petition is presented for

filing.  Pursuant to Local Civil Rule 81.2(b), whenever a

prisoner submits a petition for writ of habeas corpus and seeks

to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the

proceedings, and (b) a certification signed by an authorized

officer of the institution certifying (1) the amount presently

on deposit in the prisoner's prison account and, (2) the

greatest amount on deposit in the prisoner's institutional

account during the six-month period prior to the date of the

certification.  If the institutional account of the petitioner

exceeds $200, the petitioner shall not be considered eligible to

proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a

habeas petition as required by Local Civil Rule 54.3(a), nor did

Petitioner submit an application for leave to proceed in forma

pauperis.

Conclusion

For the reason set forth above, the Clerk of Court will be

ordered to administratively terminate this action without

prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

within thirty (30) days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis. An appropriate Order will be entered.


Dated: April 26, 2018                s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.